UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL H. FLOWER, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-10798 |
| ENCOMPASS CORPORATION, COMPANY, ET AL | SECTION "C" (4) |

ORDER AND REASONS

The Court previously ordered briefing on the issue of subject matter jurisdiction existed at the time of removal. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In this matter, the defendant responds with statements of the policy limits and that it has paid $25,834.14 of a claim for $83,003.70, leaving a balance of $57,169.56. It also argues that the plaintiffs seek damages and attorney's fees. While the plaintiffs do not object to removal and the issue of jurisdictional minimum is close, where the jurisdictional minimum is not facially apparent, the lack of proof as to its existence requires remand.[1]

---

[1] The Court has previously ruled that it does not have jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 and 1441(e)(1)(B), under the circumstances presented here. Fidelity Homestead Assn. v. Hanover Insurance Co.,

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of New Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this __9th__ day of February, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

458 F.Supp. 276 (E.D.La. 2006).